The Savannah, Americus and Montgomery Railway
Company v. Fort et al.

Temporary injunction modified so as to allow the company to com-
plete over its own land the side-track already commenced, and to
use the same until a final adjudication is had in the cause, this
side-track not touching any property of the complainants, and its
construction and use being (according to the evidence) more likely
to lessen than increase their annoyance or damage for the present.
Simmons, J., not presiding, because of sickness.
    January 22, 1890.

Injunction.   Practice.   Before Judge Smith.   Sumter
county.   At chambers, December 7, 1889.

Fort et al. petitioned for injunction and general relief
against the railway company, which made answer; and
a hearing was had before the judge on the pleadings
and on affidavits submitted.   He ordered that the in-
junction prayed for be granted until final hearing or
further order; and the company excepted.

B. P. Hollis, for plaintiff in error.

Hinton & Cutts, contra.

Bleckley, Chief Justice.

The injunction prayed for, and temporarily granted,
is to restrain the company from permanently locating
its transfer, freight and switch yards at the places speci-
fied in the petition; from increasing its trackage across
Jackson street and up or along or across Finn street, and
from excavating any cuts or building any embankments,
or doing any other act with a view or purpose to the
location of its switch yard or its freight or transfer
yards.   In the argument before this court, counsel for
the company, saying that the company had already,
and long before the application for injunction, perma-
nently located its switch and freight yards, and that it
had no purpose to interfere with Finn street, acquiesced
in the temporary injunction as to those matters, but in-

sisted that the injunction should not have been granted to restrain the company from completing and using the side-track projected and partly constructed, crossing Jackson street and otherwise occupying through its whole length property already belonging to the company. This side-track will lie further from Finn street and from the property of the plaintiffs than either the main line of the railway or any of its existing side-tracks. The overwhelming weight of the evidence in the record is that its construction and use will not render the existing works of the railroad more hurtful to the plaintiffs, but will tend to render them less so by shortening the time occupied in switching and drilling opposite to their premises. For this reason we think the injunction as granted should be modified so as to allow the company to complete the unfinished side-track and to make all necessary excavations and embankments on its own land for that purpose, and to use the same until a final adjudication is had in this cause, its subsequent use or non-use abiding the result. In reaching this conclusion, we are to be understood as leaving all the facts, as well as the law, of the main controversy open, so that a trial on the merits, if any should be had, will be free and unembarrassed both as to the rights and the remedies of the respective parties.

*Judgment modified and affirmed.*